

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>ABRAHAM SPOTTED ELK,<br><br>Defendant/Movant. | Cause No. CR 86-18-BLG-SPW<br>CV 18-66-BLG-SPW<br><br>ORDER DISMISSING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

Defendant/Movant Spotted Elk has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Spotted Elk is a federal prisoner proceeding pro se.

Spotted Elk filed § 2255 motions on November 1, 1993, and August 26, 2004. The first was denied. Spotted Elk did not appeal. Spotted Elk moved to dismiss the second. *See* Docket (Doc. 1) Nos. 95, 96, 100, 102, 104, 105. On March 17, 2008, Spotted Elk filed a third § 2255 motion. It was dismissed and a certificate of appealability was denied on April 14, 2008. *See* Order (Doc. 4).

Spotted Elk now raises an issue concerning the imposition of his life sentence in 1986. He states that he did not learn of the issue until 2011.

First, this Court cannot entertain a second or successive motion under 28 U.S.C. § 2255 unless and until the Court of Appeals authorizes Spotted Elk to file

1

such a motion in this Court. *See* 28 U.S.C. §§ 2255(h), 2244(c). A petition under 28 U.S.C. § 2241 is available in a narrow range of cases, but not here. The legal basis of Spotted Elk's federal sentence was evident at the time it was imposed and so should have been challenged on appeal or, at least, in Spotted Elk's first motion under 28 U.S.C. § 2255. *See, e.g., Ivy v. Pontesso*, 328 F.3d 1057, 1060-61 (9th Cir. 2003). The current § 2255 motion, which is Spotted Elk's fourth, must be dismissed for lack of jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

Second, for what it may be worth to Spotted Elk, it is not possible to litigate under 28 U.S.C. § 2255 a claim that defense counsel was ineffective in the course of the 1981 state prosecution for sexual assault. *See* Mot. § 2255 (Doc. 8) at 4; *Custis v. United States*, 511 U.S. 485, 497 (1994). Further, it does not appear Spotted Elk's federal sentence was dictated by any sentencing guideline or statute. *See* Mot. § 2255 at 4-5. The record currently available suggests Spotted Elk was sentenced to serve life in prison not because it was mandatory but because the presiding judge found a life sentence was warranted. *See* Presentence Report (Doc. 6) at 1 (describing "Penalty" as "Any term of years or for life"); *id.* at 4 para. 4 (describing misdemeanor conviction and six-month jail sentence).

A certificate of appealability is denied because the case is clearly controlled by *Burton*. *See Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v.*

2

*McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED:

1. Spotted Elk's § 2255 motion (Doc. 99) is DISMISSED for lack of jurisdiction.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Spotted Elk files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 18-66-BLG-SPW are terminated and shall close the civil file by entering a judgment of dismissal.

DATED this 10th day of April, 2018.

Susan P. Watters
United States District Court